IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER MARK HEADEN, )
)
                    Petitioner, )
)
                  v. )          1:12CV1227
)
JOSEPH B. HALL, )
)
                  Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reason, the Petition cannot be further processed.

1. Petitioner indicates that he has not exhausted his state court remedies. (Docket Entry 2, § 9(g)(3) (stating that his case is currently pending before the North Carolina Supreme Court).)[1] As he was told in relation to a previous filing in case 1:12CV1182, he must exhaust his state court remedies. This Court cannot grant relief unless state court remedies have been exhausted. 28 U.S.C. § 2254(b). In any event, this Court would not act while Petitioner is actively pursing relief in the state courts. Petitioner maintains that the exhaustion requirement should be excused because he is actually innocent, but his Petition does not make an actual innocence argument as defined by federal habeas law. To demonstrate actual innocence, Petitioner must produce new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298,

---

[1] Petitioner also appears to contradict this statement by indicating at a later point in the Petition that he has not raised his claim in the state courts at all. (Docket Entry 2, § 12(c), (d).) The Court will read the Petition in the light most favorable to Petitioner and assume for purposes of this recommendation that he has at least pursued his claim in the North Carolina Court of Appeals and is currently pursuing it in the North Carolina Supreme Court.

327 (1995). Also, Petitioner would have to show factual innocence and not merely legal insufficiency. Wright v. Angelone, 151 F.3d 151, 158 n.2 (4th Cir. 1998). Petitioner cites only evidence from his trial or which he would have been aware of at the time of his trial, not any new evidence.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted once he has finished pursuing his case in the state courts. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition once he has exhausted his state court remedies. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition once he has finished pursuing his case in the state courts.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: November 16, 2012